IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAY BEARDEN CONSTRUCTION, INC. § § § | | PLAINTIFF |
| v. § § | CAUSE NO. 1:10CV480 LG-RHW | |
| UNLIMITED CONSTRUCTION, INC., § APOLLO HOUSING CAPITAL, LLC, § THREE RIVERS LANDING OF § GULFPORT, LP, and THREE § RIVERS LANDING, LLC § | | DEFENDANTS |

| | | |
|---|---|---|
| UNLIMITED CONSTRUCTION, INC. § § | | COUNTER-CLAIMANT |
| v. § § | | |
| JAY BEARDEN CONSTRUCTION, § INC. § | | COUNTER-DEFENDANT |

## ORDER DENYING MOTION TO RECONSIDER

BEFORE THE COURT is Defendant Three Rivers Landing of Gulfport, LP's Motion [92] to Alter or Amend Order Denying Summary Judgment or, Alternatively, For Certification to Mississippi Supreme Court Regarding Statute of Limitation For Filing Action On Stop Payment Notice. Plaintiff Jay Bearden Construction, Inc. has filed a response, and Three Rivers has replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Motion should be denied in all respects.

DISCUSSION

Bearden alleges in this lawsuit that it has not been paid $281,966.45 in retainage due for work it completed as a subcontractor on Three Rivers Landing, a

townhouse construction project in Gulfport, Mississippi. Bearden alleges that the Three Rivers entities are the owners of the project, and Unlimited Construction, Inc., was the general contractor. Bearden alleges that it sent stop payment notices to Three Rivers on November 10, 2010, as provided in Miss. Code Ann. § 85-7-181, but the Three Rivers entities paid Unlimited over Bearden's stop payment notice. Accordingly, Bearden alleges that the Three Rivers entities are liable along with Unlimited for the unpaid retainage plus other damages.

Three Rivers Landing of Gulfport, LP, filed a motion for summary judgment arguing the one-year statute of limitations in the construction lien portion of the Mississippi Code, § 85-7-141, barred Bearden's claims. That provision requires that persons "entitled to and desiring to have the benefit of such [construction] lien" commence suit within twelve months after the money claimed to be due became payable, "and not after." MISS. CODE ANN. § 85-7-141. Three Rivers argued that the retainage payment was due by October 2009, and as that was more than twelve months prior to Bearden's stop payment notice in November 2010, any claim based on the notice is barred by § 85-7-141.

In its Order denying summary judgment, the Court rejected this argument, finding that Bearden was not a person entitled to a construction lien under § 85-7-131, making the twelve month limitation period in § 85-7-141 inapplicable. *See* Order, Aug. 9, 2011, ECF No. 88; *see also Noble House, Inc. v. W&W Plumbing & Heating, Inc.*, 881 So. 2d 377, 386 (Miss. Ct. App. 2004) ("The [§§ 131 & 141] remedy does not extend to subcontractors, who, according to the statutory scheme, must pursue a separate

remedy under § 85-7-181"). Briefly stated, the twelve month limitation applies to "[a]ny person entitled to and desiring to have the benefit of such lien." MISS. CODE ANN. § 85-7-141. "Any person" is a person employed by or contracting with the owner. MISS. CODE ANN. § 85-7-135. "Such lien" is the lien declared in § 85-7-131, which is the construction, materialman's or mechanic's lien. Read together, these statutes restrict the application of the twelve month limitation period to the lien declared in § 85-7-131. Further, the Court found no relevant authority indicating that Bearden was required to bring its claims within twelve months of giving its stop payment notice. Accordingly, the Court concluded that Mississippi's three year catch-all statute of limitations applied, and Bearden's claims were not time-barred.

Three Rivers then filed this Motion to Alter or Amend, bringing a case that touches on the statute of limitations issue to the Court's attention. In *Jitney-Jungle Stores of America, Inc. v. United States*, 1977 WL 1271, No. J75-333(N) (S.D. Miss. Oct. 11, 1977), District Judge Nixon recorded an oral opinion in which he discussed the stop payment notice provision set out in § 85-7-181. The statute is lengthy, but can be reduced to a few concepts as follows.

A subcontractor who is not paid for work by the contractor may give notice of this deficiency to the owner. Any funds sufficient to pay the deficiency that remain unpaid to the contractor at the time of notice are then "bound in the hands" of the owner. Either the contractor or the subcontractor is entitled to bring suit against the owner. If the indebtedness is admitted by the owner, the owner may pay the amount admitted to be due into the court's registry, and the court will apportion the funds. But

-3-

if the owner denies liability, then the court will determine indebtedness and enter a judgment. A judgment against the owner is a lien from the date of the original stop notice, and can be enforced as other liens in Chapter 7 of the Mississippi Code.

What is missing from this statute is a time period within which the referenced lawsuits must be initiated. Judge Nixon concluded that suit must be brought within one year from the date of the last delivery of material, or the lien is barred, citing *Inerity v. A.S. Wade & Co.*, 106 So. 828 (Miss. 1926). However, the *Inerity* case involved a materialman who provided materials directly to the owner. *Id*. at 829. Unlike the subcontractor's stop payment remedy in § 85-7-181, the lien at issue in *Inerity* was unquestionably subject to the twelve month limitation in § 85-7-141. *Noble House, Inc.*, 881 So. 2d at 386. Because the *Jitney-Jungle* decision does not acknowledge the separate nature of Mississippi's construction lien and stop payment notice provisions, the Court does not find it persuasive authority.

Three Rivers argues that failure to import the one-year statute of limitations from the mechanic's lien provisions to the stop-notice provision would result in uncertainty for parties. For example, owners would not know when a lawsuit based on a stop payment notice might be initiated against them. Three Rivers posits the statute of limitations might be thought to run either from "when the money due and claimed by the suit became due and payable" or from when the stop payment notice was received. In the Court's view, this uncertainty is eliminated when the language of the mechanics lien provisions ("when the money due and claimed by the suit became due and payable") is not considered in conjunction with the stop payment notice

provision.  Mississippi courts have made it clear that the two remedies are separate. *See, e.g., Noble House*, 881 So.2d at 386.  Under the stop payment provision, a subcontractor can only bind up funds that have not yet been paid to the contractor. The subcontractor has no lien on the money owed by the owner to the contractor until the stop payment notice is given. *Chancellor v. Melvin*, 52 So. 2d 360, 364 (Miss. 1951). If the subcontractor waits too long to give notice, there will be no owner funds to bind, and the stop payment notice will have no legal effect. *Deposit Guar. Bank & Trust Co. v. J.F. Weaver Lumber Co.*, 60 So. 2d 598, 600 (Miss. 1952).  It is only after a dispute as to indebtedness is resolved against the owner that a lien against the property is created which can then be enforced as other liens.

It should be noted that the twelve month limitations period for enforcing construction liens is not the only such period within Chapter 7 (Liens) of the Mississippi Code.  For example, the legislature specified a twenty-one day limitation period to perfect a lien on crops, MISS. CODE ANN. § 85-7-1, a six month limitation period for claims regarding liens on lumber, timber and watercraft, §§ 85-7-3, 85-7-7, and a twelve month period for claims regarding a lien on a foal or calf.  MISS. CODE ANN. § 85-7-5. In the case of a stop payment notice claim, the legislature chose not to specify a limitation period for bringing suit.  This choice should be respected, as the Court is to generally presume the legislature "acts intentionally and purposely in the disparate inclusion or exclusion" of particular statutory language. *Russello v. United States*, 464 U.S. 16, 23 (1983).  Accordingly, the Court concludes once again that in the

absence of a specific statute of limitations for a stop payment notice claim, the three-year statute of limitations in MISS. CODE ANN.§ 15-1-49 applies.

Three Rivers requests in the alternative that the Court initiate the process of certifying this issue to the Mississippi Supreme Court, because there is no controlling Mississippi precedent and this Court's opinion conflicts with that of Judge Nixon in *Jitney-Jungle*. The process begins by certifying an order to the Fifth Circuit Court of Appeals in the form of an interlocutory appeal under 28 U.S.C. § 1292(b). *Linton v. Shell Oil Co.*, 563 F.3d 556, 557 (5th Cir. 2009) (district court may certify orders, not questions). If it deems it appropriate, the Fifth Circuit may then certify a question or proposition of law to the Mississippi Supreme Court. MISS. R. A. P. 20(a).

For a district court to certify an order for interlocutory appeal, the order must involve "a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Warnock v. State Farm Mut. Auto. Ins. Co.*, No. 5:08cv01-DCB-JMR, 2008 WL 5272063, *3 (S.D. Miss. Dec. 17, 2008) (*citing Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46, (1995)). This order does not involve a controlling question of law that could materially advance the ultimate termination of the litigation; if the twelve month limitation period in § 85-7-141 applies, only the stop payment claims against Three Rivers would be potentially time-barred. Breach of contract and unjust enrichment claims remain. Thus, regardless of whether there is a substantial ground for difference of opinion on

the matter, this is not a case appropriate for certification for interlocutory appeal.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Three Rivers Landing of Gulfport, LP's Motion [92] to Alter or Amend Order Denying Summary Judgment or, Alternatively, For Certification to Mississippi Supreme Court Regarding Statute of Limitation For Filing Action On Stop Payment Notice is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 5th day of October, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE